CLINTON LINE EXTENSION R. CO. (GRIFFIN v.). See Case No. 5,816.

CLINTON LINE R. CO. (LUDLOW v.). See Case No. 8,600.

CLINTON, The MARY. See Case No. 9,203.

CLIPPER MOWER, ETC., CO. (WHEELER v.). See Case No. 17,493.

## Case No. 2,901.

### CLIPPINGER v. MISSOURI VAL. LIFE INS. CO.

[1 Flip. 456;[1] 5 Ins. Law J. 310; 22 Int. Rev. Rec. 47; 2 Cin. Law Bul. 218; 8 Chi. Leg. News. 155; 4 Amer. Law Rec. 585; 1 Law & Eq. Rep. 138.]

Circuit Court, N. D. Ohio. Jan. Term, 1876.

REMOVAL OF CAUSES FROM STATE TO FEDERAL COURTS—CONSTRUCTION OF STATUTES—THE PARTY SEEKING TO REMOVE SHOULD DO WHAT IS NECESSARY—THE PROPER TIME.

1. No action of the state court can confer or take away the right of removal. No order of state court for the removal of the cause is necessary. The right is not dependent on the state court.

2. The party seeking a removal is to do all that is necessary to secure a removal. Whether the state court makes an order for removal or not, he can perfect the removal by entering in this court, at the proper time, copies of the proper papers, and his appearance and special bail, if necessary.

3. The proper time for entering in the circuit court "copies of the proper papers," etc., is on the first day of the next session after the filing of the petition for removal, affidavits, etc. But if the term of the circuit court, to which the same is removable, should commence within twenty days after the filing of the petition and bond in the circuit court, still the removing party is to have twenty days to file copy of record.

[Cited in Woolridge v. McKenna, 8 Fed. 667.]

[At law. Action by Elizabeth Clippinger, administratrix of the estate of John Crestead, against the Missouri Valley Life Insurance Company, to recover on a policy of insurance.] Motion by plaintiff to dismiss and remand to state court.

I. Pillars and C. M. Hughes, for plaintiff.

Marvin, Ballard & Richard and Hart & Squire, for defendant.

WELKER, District Judge. The plaintiff filed a petition against the defendant on a policy of insurance in the court of common pleas in Allen county, on the 28th day of December, A. D. 1872. On the 18th day of January, 1873, and before appearance, the defendant being a non-resident company, filed a petition for removal of the case to the circuit court of the United States, and at the

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

February term, 1873, of said court filed the necessary affidavit, and offered surety as required by the statute; at which term the common pleas court refused to make an order of removal, and dismissed the petition, the defendant excepting to the ruling.

On the 19th of April, 1873, the defendant filed its answer in the common pleas to the original petition, on which issue at the October term, 1873, a trial was had, and verdict and judgment entered for the plaintiff. At the same term a second trial was demanded and allowed, and bond given therefor, as authorized by the statute of the state. Afterwards, on the 19th of February, 1874, an amended answer was filed by the defendant to the original petition in said court. On the 23d of February, 1874, in term time, a second petition for removal to this court was filed by the defendant, alleging non-residence in the state, with proper affidavit alleging local prejudice, and surety was offered, and bond given, as required by the statute, for removal. At the May term, 1874, answer to petition for removal was filed by the plaintiff, and on hearing the court dismissed the petition for removal. At the October term, 1874, a second trial on the issue made in the original case was had in said court; and a verdict and judgment rendered for the plaintiff.

On the 13th of March, 1875, the defendant filed a petition in error in the district court of Allen county to reverse the judgment so lastly rendered in the common pleas, alleging for error, among other things, the dismissal of the petition for removal as aforesaid; and at the April term, 1875, of said district court, that court reversed the common pleas for the assigned error of dismissing said petition for removal. At the May term, 1875, of the common pleas, in pursuance of the said judgment of the district court, that court made an order accepting the sureties, and ordered that no further proceedings be had in said court in the case.

Certified copies of the pleadings, etc., were filed in this court on the 26th day of August, A. D. 1875. The plaintiff files a motion to dismiss the case from this court, and remand the same to the state court. 1st—Because the petition, affidavit, and bond for the removal of the cause to this court were not filed in the court of common pleas until after the trial of the cause. 2d—Because the certified transcripts of the process, pleadings, etc., were not filed in this court within the time prescribed in the statute after the filing of the petition, affidavit and bond for removal. 3d—Because the removal of the cause to this court is contrary to law, and this court has no jurisdiction to try and determine the same.

In determining this motion it will only be necessary to examine the second ground of the motion in connection with the third. As to the time of the filing of the petition for removal to this court, it is conceded that the

first petition was in time under the act of 1789 [1 Stat. 79], and the second under the act of 1875 [18 Stat. 472], which combines the preceding statutes on that subject in the revised statutes then passed. It would seem from the fact that the defendant, after having filed the first petition for removal, failed to file copies of the process, etc., in this court, and filed an answer in the state court, and there went to trial on the issue made, as well as the filing of the subsequent petition, affidavit, etc., for removal, in 1874, that it had waived any right to file the papers under that petition. Indeed, it is not ·claimed that it had such right.

The question then is, had the defendant the right to file copies, etc., in this court under the second petition? No question is made as to whether the case itself was a proper one to be removed, or that the defendant had not brought itself within the statute by the filing of a petition and affidavit and offer of surety in the state court, but it is claimed that it did not file the papers for removal in this court within the time prescribed by the statute.

Each of the statutes upon the subject of removal, in force at the time the last petition was filed, provide "that on filing such petition and affidavit, and offering good and sufficient surety for entering in such circuit court on the first day of its session next to be held, copies of the process, etc., it shall be the duty of the state court to accept surety and proceed no further in the case; and that when said copies are entered as aforesaid in the circuit court, the cause shall then proceed in the same manner as if it had been brought there by original process." Thus this court obtains its jurisdiction in such cases; and thus the jurisdiction of a state court is terminated; that is to say, by a compliance on the part of the party seeking to remove a cause with the provisions of the act of congress respecting such removals; and as the jurisdiction of this court in such cases is of a purely statutory character, the provision of the act of congress should be strictly followed or no jurisdiction is obtained.

But it may be urged that in the case at bar, although the petition for removal was duly filed, supported by the proper affidavits to bring the application within the provisions of the act of congress, and good and sufficient surety was offered, yet the court of common pleas defeated or obstructed defendant's right of removal by dismissing its petition and refusing to accept the surety, and that this operates to excuse the defendant for its failure to enter copies, etc., in this court on the first day of its then next session, and enlarge the time within which this may be done.

The answer is, the court of common pleas had no power to do this. Its "duty" is clearly defined by the act of congress, viz.: "To accept the surety and proceed no further in the cause." A failure or refusal to perform this plain duty cannot defeat the right of the defendant to remove the cause. On this point the language of an eminent jurist of New York is so clear and comprehensive that it is adopted here. Says Judge Blatchford: "No action of the state court could either confer the right or take it away. The discretion to be exercised by the state court in passing on the question as to whether the proper steps for a removal have been taken, and as to whether the evidence thereof is sufficient, and as to whether the surety is good and sufficient, is a legal discretion," i. e., a discretion to be exercised in a legal manner and in accordance with its "duty." "No order of the state court for the removal of the cause is necessary." "The right of the defendant to a removal is not dependent on the question whether the state court does or does not make an order for the removal. If it were so dependent, the refusal of the state court, in a proper case, to make such an order, would make it impossible for the defendant to secure the removal except by carrying the suit through the state tribunals," * * * and thence "to the supreme court of the United States." See 6 Blatch. 117, 118 [Hatch v. Chicago, R. I. and P. R. Co., Case No. 6,204]. This interpretation of the acts of congress stands uncontradicted so far as my researches have extended, and is believed to be the true one; and in the conclusions of the learned judge from the premises there laid down, I am forced to concur. He says: "If he (the party seeking a removal) does all that is necessary to secure a removal, then, whether the state court makes an order of removal or not, he can perfect the removal by entering in this court, at the proper time, copies of the proper papers, and his appearance and special bail, if necessary." As will have been seen, the proper time for entering in the circuit court "copies of the proper papers," etc., was on the first day of the next session after the filing of the petition for removal, affidavit, etc. In this case the last petition for removal was filed in the court of common pleas on the 23d of February, 1874. The first day of the then next session of this court was the 7th of April, 1874, and "copies of the proper papers" were not filed in this court until the 26th of August, 1875, a point of time too late to enable this court to obtain jurisdiction of the cause in the manner provided by the statute. Nor can the action of the court of common pleas of Allen county be held to excuse the delay, nor to enlarge the time within which the defendant might and should have completed the steps necessary to the removal of his cause to this court.

In the act of 1875 [supra], which takes the place of all preceding statutes on this subject, we have a legislative construction, that the time of entering copies, etc., in this court is material to the jurisdiction of this court. That act provides that, "If the term of the

circuit court to which the same is removable then next to be holden, shall commence within twenty days after the filing of the petition and bond in the state court for its removal, then the removing party shall have twenty days from such application to file copy of record, etc."

The motion is sustained, and cause stricken from the docket, for want of jurisdiction.